UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ELGIN BRASWELL,

                                        CRIM. CASE NO. 03-50009

        Petitioner,

v.

                                        HONORABLE PAUL V. GADOLA
UNITED STATES OF AMERICA,        U.S. DISTRICT COURT

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255**

    Before the Court is Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Plaintiff originally filed a motion from relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure on August 17, 2004. On March 16, 2005, after Petitioner failed to respond to the Court's order to show cause, the Court characterized Petitioner's motion for relief from judgment as the motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, which is now before the Court.

    28 U.S.C. § 2255 provides, in part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255 ¶ 2. In other words, if the motion, files and

records of the case conclusively show that the prisoner is entitled to no relief, then the Court need not serve notice on the United States Attorney, grant a hearing, determine the issues, or make findings of fact or conclusions of law with respect to those issues.

Petitioner's sole ground for relief is that his sentence was imposed in violation of Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004). Blakely, however, is not applicable to Petitioner's sentence because Petitioner's sentence was imposed in accordance with the United States Sentencing Guidelines. See Id. at 2538, n.9 ("The Federal Guidelines are not before us, and we express no opinion on them."). On January 12, 2005, the Supreme Court applied the principles in Blakely to hold that the United States Sentencing Guidelines were unconstitutional insofar as it mandated that a defendant's sentence be increased based on facts not found by the jury beyond a reasonable doubt. United States v. Booker, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Petitioner's claim, that his sentence was enhanced under the Guidelines by facts not found by a jury beyond a reasonable doubt, is, therefore, properly a claim brought under Booker.

Nevertheless, the Sixth Circuit has held that Booker does not apply retroactively to cases on collateral review. Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005). In fact,

courts in all eleven circuits and the D.C. Circuit have likewise held that Booker does not apply retroactively on collateral review. See Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005); Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005); Daniel v. United States, 2005 U.S. Dist. LEXIS 11509 (N.D. W. Va. 2005)(unpublished); In re Elwood, 2005 U.S. App. LEXIS 7343 (5th Cir. 2005)(unpublished); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005); Clark v. United States, 2005 U.S. Dist. LEXIS 11148 (D. Minn. 2005); Hewett v. United States, 2005 U.S. Dist. LEXIS 10910 (D. Haw. 2005)(unpublished); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005); Varela v. United States, 400 F.3d 864, 866-68 (11th Cir. 2005); United States v. Agramonte, 366 F. Supp. 2d 83, 89 (D.D.C. 2005).

Petitioner was sentenced on September 2, 2003 and the judgment and commitment order was entered the next day. Booker was decided on January 12, 2005. Petitioner did not directly appeal his sentence. In other words, Petitioner is attempting to apply Booker retroactively to attack his sentence collaterally, which is not possible. Thus, Petitioner's motion, along with the files and records of the case, "conclusively show that the prisoner is entitled to no relief."

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [docket entry 19] is **DENIED**.

**IT IS FURTHER ORDERED** that if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a **MOTION** for a COA within **TWENTY-ONE (21) DAYS** of filing a Notice of Appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court.  See <u>Castro v. United States</u>, 310 F.3d 900, 903 (6th Cir. 2002) ("We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA.").  The Government may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **FOURTEEN (14) DAYS** of service of Petitioner's motion for a COA.

**SO ORDERED.**

Dated: June 17, 2005                    s/Paul V. Gadola
                                        HONORABLE PAUL V. GADOLA
                                        UNITED STATES DISTRICT JUDGE

4

Certificate of Service

I hereby certify that on June 21, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:     Robert Haviland                                                            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:     John Braswell                                                           .


                                                                    s/Tammy Hallwood                        
                                                                    Tammy Hallwood, Deputy Clerk
                                                                    (810) 341-7845